# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| JAMES QUICK, | * | No. 21-1201V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: June 12, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Jessica Wallace, Sir & Glimstad, Aventura, FL, for petitioner;
Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, former counsel of record for petitioner;
Michael Lang, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

James Quick is seeking compensation through the Childhood Vaccine Injury Compensation Program. His former counsel of record has requested an award of attorneys' fees and costs on an interim basis. Mr. Quick is awarded $41,791.98.

\* \* \*

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Represented by Attorney Isaiah Kalinowski, Mr. Quick initiated this case by filing his petition on April 13, 2021.  Mr. Quick submitted medical records periodically.  Exhibits 1-26.

Less than one year after the petition was filed, Mr. Quick requested an interim award of attorneys' fees and costs for Mr. Kalinowski's work.  Pet'r's Mot., filed Jan. 17, 2022.  A reason was that Mr. Quick was changing attorneys.  The Secretary opposed an award of attorneys' fees and costs.  Resp't's Resp., filed Jan. 25, 2022.

On January 18, 2022, Attorney Jessica Wallace became counsel of record for Mr. Quick.  Ms. Wallace continues to represent Mr. Quick.  Since January 2023, the parties have been exploring an informal resolution.

*   *   *

As to whether Mr. Quick should receive an award of attorneys' fees and costs on an interim basis, the parties' briefs raise a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether Mr. Quick has submitted evidence that makes him eligible to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, Mr. Quick should be awarded his attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### 1. Eligibility for An Award of Attorneys' Fees and Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).

More than two years ago, the Secretary interposed a concern about reasonable basis.  Resp't's Resp. at 4.  Since then, Mr. Quick has identified statements from treating doctors that link the flu vaccine to his neurologic problems.  See Pet'r's Status Rep., filed Oct. 11, 2022.  This evidence carries Mr. Quick's burden regarding reasonable basis.

### 2. Appropriateness of an Interim Award

When a petitioner meets the eligibility requirements for an award of attorneys' fees and costs on an interim basis, the special master has discretion to make such an award. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera, Avera v. Sec'y of Health & Human Servs., 515 F.3d 1352 (Fed. Cir. 2008) (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case). When determining the appropriateness of an interim award, the Federal Circuit has considered such factors as protracted proceedings, costly experts, and undue hardship. Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera, 515 F.3d at 1352.

In January 2022, the Secretary disputed whether an award of interim attorneys' fees and costs was not warranted because this case did not involve any of the Avera factors. Resp't's Resp. at 3.

Although the Secretary's arguments had some force in January 2022, the passage of time has diminished their value. Although the parties are currently still attempting to resolve the case informally, the case has continued for several years. Thus, an award of attorneys' fees and costs on an interim basis is appropriate.

### 3. Reasonableness of Requested Amounts

Mr. Quick seeks $44,791.98 in total. This amount is comprised of $43,888.98 in attorneys' fees and costs for the firm with which Mr. Kalinowski was initially associated and $903.00 in attorneys' fees for the firm with which Mr. Kalinowski is presently associated.

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these

3

two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rate

Mr. Quick has requested compensation for attorneys and their paralegals at rates previously awarded. Southern v. Sec'y of Health & Hum. Servs., No. 18-116V, 2023 WL 3577894, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023). Thus, they are accepted as reasonable here.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In general, the timesheets provide sufficient information to assess the reasonableness of the activity. Nearly all the activities are reasonable.[2]

The primary entries of concern are relatively long entries made by Mr. Kalinowski. See, e.g., entries from Mar. 31, 2021 through Apr. 12, 2021. Mr. Kalinowski has previously been advised to avoid block-billing. Parmer v. Sec'y of Health & Hum. Servs., No. 16-880V, 2020 WL 1672909, at *5 n.5 (Fed. Cl. Spec. Mstr. Mar. 11, 2020). An adjustment in the amount of $3,000 is appropriate.

---

[2] Paralegals frequently communicated with medical providers to obtain medical records. Although the number of communications appears high, the number is not *excessively* high in that it appears medical providers did not respond to earlier attempts to obtain medical records. See Exhibit 30 (Mr. Kalinowski's affidavit) ¶ 13.

The work Mr. Kalinowski performed at his second firm is reasonable.  See Exhibit 30.  Mr. Quick is awarded the amount requested.

### C.  Costs

Mr. Quick asks for $1,854.48 in costs.  They are derived from obtaining medical records and filing the petition.  The requested costs are reasonable.

## Conclusion

An interim award of attorneys' fees and costs is appropriate at this time.  Mr. Quick is awarded a total of **$41,791.98**.  This amount shall be paid:

An amount of **$40,888.98** as a lump sum in the form of a check jointly payable to Mr. Quick and Mr. Quick's former counsel, Isaiah Kalinowski.  This amount is intended to compensate Mr. Quick for attorneys' fees and costs while he was represented by Maglio, Christopher & Toale.

An amount of **$903.00** as lump sum in the form of a check jointly payable to Mr. Quick and Mr. Quick's former counsel, Isaiah Kalinowski.  This amount is intended to compensate Mr. Quick for attorneys' fees and costs while he was represented by Bosson Legal Group.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
