# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
JAMES QUICK,                        *    No. 21-1201V
                                    *
            Petitioner,             *
                                    *    Special Master Christian J. Moran
v.                                  *
                                    *    Filed: November 7, 2025
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Jessica Wallace, Siri & Glimstad, LLP, Aventura, FL, for Petitioner;
Lynn Christina Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

Pending is petitioner James Quick's motion for final attorneys' fees and costs. He is awarded a total of $**63,848.26.**

## I. Procedural History

Represented by Attorney Isaiah Kalinowski, Mr. Quick alleged that an influenza vaccine caused him to develop Guillain-Barré syndrome and/or chronic inflammatory demyelinating polyneuropathy. Pet., filed Apr. 13, 2021. Mr. Kalinowski was replaced as counsel of record January 18, 2022 by Attorney Jessica Wallace, who has continued as counsel of record.

Relatively early in the litigation, the Secretary expressed an interest in attempting to resolve the case informally. Resp't's Status Rep., filed Jan. 9, 2023. Thereafter, Ms. Wallace and other people at her law firm developed the case. Part of this process involved retaining Dr.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Staci Schonbrun at Labor Market Consulting Services to assist with calculating lost earnings and future medical expenses.

The parties reached an agreement. An entitlement decision, issued April 9, 2025, incorporated the parties' stipulation, awarding Mr. Quick $50,000.00.

On May 22, 2025, Mr. Quick filed a motion for final attorneys' fees and costs ("Fees App."). Mr. Quick requests attorneys' fees of $57,676.35 and attorneys' costs of $16,021.91, for a total request of $73,698.26. Fees App. at 2. Mr. Quick did not incur any costs personally. On May 27, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

## II.     Eligibility for Attorneys' Fees

Mr. Quick received compensation. Therefore, he is entitled to an award of reasonable attorneys' fees and costs by right. 42 U.S.C. § 300aa-15(e)(1).

## III.    Reasonable Amount of Attorneys' Fees and Costs

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018). Mr. Quick's application is divided into two components: attorneys' fees and attorneys' costs.

### A.     Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours. Mr. Quick is requesting $57,676.35 in attorneys' fees.

#### 1.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349

(citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The requested rates are consistent with what the attorneys of Siri & Glimstad have previously been awarded for their Vaccine Program work, and the proposed hourly rates are reasonable for work performed in the instant case. See Jones v. Sec'y of Health & Human Servs., No. 22-1281V, 2025 WL 2925101 (Fed. Cl. Spec. Mstr. Sep. 16, 2025).

        2.        Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, three topics merit attention.

        *a)*        *Paralegals Billing for Clerical Work*

Under various fee-shifting regimes, attorneys may charge for tasks performed by paralegals. The justification is that the paralegal is stepping in for an attorney and charging a lower hourly rate for work an attorney would otherwise perform. However, attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced. However, a general principle to differentiate them is somewhat elusive. To qualify as a paralegal, a person needs special training and experience. See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

A typical example of a duty paralegals perform is the summarization of medical records. See Fields for Estate of Lawrence v. Sec'y of Health & Hum. Servs., No. 17-1056V, 2022 WL 3569300, at *4 (Fed. Cl. Spec. Mstr. July 27, 2022) (reducing attorney's fees by approximately $17,000 because an attorney, not a paralegal, summarized medical records), mot. for rev. denied, 2022 WL 4100173 (Fed. Cl. Aug. 23, 2022). The person reading and condensing the medical records must have knowledge of the claim and how specific medical records could be relevant to a claim. Paralegals at Siri & Glimstead spent hours summarizing medical records. Time spent summarizing medical records is reasonable.

However, paralegals also performed tasks that do not require any special training. For example, they spent time filing documents. To be clear, some clerical tasks are essential, such as filing documents. But, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. See Pickens v. Sec'y of Health & Hum. Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the

Court that a document is being filed"); Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). To eliminate excessive charges, $800.00 is removed.

Other examples of clerical work include assembling documents, transmitting basic information such as a client's address, and downloading documents from CM/ECF. These items are typically not billed in the undersigned's experience. This category also includes two occasions on which Attorney Wallace billed (at one-half the usual hourly rate) for mailing documents. Legal training is not necessary to go to the post office. To eliminate excessive charges, $450 is removed.

### b) Attorneys Billing for Paralegal Tasks at Attorney Rates

Just as paralegals should not bill for work that secretaries can perform, attorneys should not charge their full hourly rate for work that a paralegal can perform. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties."). Here, in January 2024, Attorney Wallace sorted out-of-pocket receipts. In the undersigned's experience, this work is more often performed by paralegals. Although the time is accepted as reasonable, the hourly rate is reduced by approximately half, resulting in a deduction of $1,200.00.

### c) Activities taking an Excessive Amount of Time

Excessive billing is not consistent with superior quality legal work. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566-67 (1986).

Here, relatively early in the litigation, the amount of time spent on routine motions for enlargement of time surpassed the amount of time typically spent. To eliminate the excessive charges, $400.00 is removed. The undersigned notes that to the firm's credit, more recent entries are more restrained.

Another activity with an excessive amount of time concerns the preparation of the pending application for attorneys' fees and costs. A paralegal spent nearly 7 hours of time (worth more than $1,300) on "review and revise" motion for attorneys' fees. It is not readily apparent what was being done as the motion is relatively standard motion with some case specific information (such as amounts) added. The paralegal's time described above does not include 0.5 hours drafting affidavits for Attorney Wallace and another attorney. These affidavits, too, contain general information about the attorneys' background and seem not to have been drafted for this case specifically. Ms. Wallace also spent more than 2 hours on the fee application. Overall, the entries regarding the preparation for the pending motion for attorneys'

fees and costs do not establish a persuasive basis for awarding the amounts sought. Accordingly, $600.00 is removed.

Other activities that were billed at higher-than-normal time include spending more than four hours of attorney time on helping Mr. Quick complete an affidavit about damages. Another example is spending 0.3 hours to review a status report, which was two pages. See entry for Nov. 8, 2022. To adjust for these charges, $1,000 is removed.

        *d)*      *Summary on Attorneys' Fees*

| | |
|---|---:|
| Amount requested | $57,676.35 |
| Deduction for charging for filing documents | -$800.00 |
| Deduction for other clerical work | -$450.00 |
| Deduction for attorney rates for paralegal task | -$1,200.00 |
| Deduction for excessive time for motions for enlargement of time | -$400.00 |
| Deduction for excessive time on fees application | -$600.00 |
| Deduction for excessive time on damages affidavit | -$1,000.00 |
| TOTAL | $53,226.35 |

Mr. Quick is therefore awarded $53,226.35 in attorneys' fees. This is a deduction of approximately 8 percent.

**B.    Costs Incurred**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $16,021.91 in attorneys' costs. A small portion consists of routine items, such as costs of acquiring medical records and postage costs. Petitioner has provided adequate documentation supporting the requested costs and all are reasonable.

A larger portion ($15,142) derives from the costs associated with Staci Schonbrun of Labor Marketing Consulting Services from Tucson, Arizona. Exhibit 32 at 62-66. The invoice does not justify this charge.[2]

Like other professionals such as attorneys and doctors, life care planners are reimbursed based upon a lodestar formula in which a reasonable hourly rate is multiplied by a reasonable number of hours. D.S. v. Sec'y of Health & Hum. Servs., No. 10-77V, 2017 WL 6397826, at *6 (Fed. Cl. Spec. Mstr. Nov. 20, 2017); see also Caves v. Sec'y of Health & Human Servs., 111

---

[2] Because the parties resolved this case informally and the cases did not enter the damages phase, Mr. Quick did not submit the life care plan Dr. Schonbrun prepared. However, Mr. Quick could have submitted the life care plan as part of the application for attorneys' fees and costs. See Vaccine Rule 13. In any event, the parties agreed to compensate Mr. Quick without directly incorporating a life care plan.

Fed. Cl. 774, 779 (2013). Here, Dr. Schonbrun has charged $200.00 per hour, which is a reasonable, if lower-than-normal, rate.

The problem, however, is that the invoice does not adequately describe the activities. For example, a typical entry reads "Research – Research, 0.5 @ $200." But, no information was provided as to what is being researched. It seems likely that Attorney Wallace also had some questions about the invoice. See entries for May 20-21, 2025. The billing information from Labor Marketing Consulting Services includes a "Billing Addendum" defining various terms. For example, the term "Work Up," means "drafting opinions, formulation of opinions, writing the draft of the report, research, review of statistics, articles and other publications and calculations." Exhibit 32 at 66. This addendum is not particularly helpful in assessing the reasonableness of the time charged for various activities. For example, on May 10, 2023, how much of the 2.5 hours charged for "Work Up" was devoted to research (and if so, what was being researched), how much of the 2.5 hours was devoted to reviewing statistics (and if so, statistics about what topic), how much of the 2.5 hours was devoted to reviewing articles (and if so, articles about what topic)? To account for the vagueness and lack of clarity in the invoice, $3,000 is deducted.

A more specific point concerns the amount billed for traveling. In May 2023, Dr. Schonbrun spent 24 hours traveling from Tucson to Birmingham round trip. It is not readily apparent why Attorney Wallace hired a life care planner based so far away. Even so, travel time is typically billed at one-half the professional's hourly rate. Zumwalt v. Sec'y of Health & Human Servs., No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) ("[E]xpert travel time is compensated at one-half the expert's standard hourly rate absent a showing that they spent their travel time working on the matter in question."). This results in a reduction of $2,400.00. Dr. Schonbrun has been advised of this problem. See Banks v. Sec'y of Health & Hum. Servs., No. 17-0719V, 2021 WL 6285651 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2021).

These reductions for Dr. Schonbrun's work are not intended as a critique of her work as a life care planner. The life care plan may be good, bad, or somewhere in between. Regardless of the quality of the life care plan, the quality of the invoicing was deficient and did not present a persuasive basis for compensating at the proposed amount.

Accordingly, Mr. Quick is awarded $10,621.91 ($16,021.91 - $3,000.00 - $2,400) in attorneys' costs.

**IV.     Conclusion**

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). A reasonable amount of attorneys' fees and costs is **$63,848.26** (representing $53,226.35 in attorneys' fees and $10,621.91 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.